```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MAURICE YOUNG,                         :
                                       :
          Plaintiff,                   :    CIVIL ACTION
                                       :
     v.                                :    No. 08-cv-2023
                                       :
DELAWARE COUNTY COMMUNITY              :
COLLEGE, RAY VISCUSI, GREG WELCH,      :
and TOM WOMACK                         :
in their individual capacities,        :
                                       :
          Defendant.                   :
```

MEMORANDUM AND ORDER

Joyner, J.                                      September 22, 2008

I. BACKGROUND

Before the court is a Motion to Dismiss portions of the Plaintiff's First Amended Complaint (Doc. No. 9) filed by Defendants, Delaware County Community College ("College"), Ray Viscusi ("Viscusi"), Greg Welch ("Welch") and Tom Womack ("Womack") ("Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6) and Plaintiff's Response (Doc. No. 10).  Plaintiff, Maurice Young ("Young"), originally filed a Complaint (Doc. No. 1) in this matter on April 20, 2008 and later filed a First Amended Complaint (Doc. No. 7) on August 4, 2008.

Plaintiff has alleged seven counts in his First Amended Complaint: (1) violation of the Americans with Disabilities Act

1

("ADA") by the College for termination and failure to accommodate; (2) violations of the ADA for retaliation by the College; (3) violations of the Pennsylvania Human Relations Act (PHRA) by the College for termination and failure to accommodate; (4) violations of the PHRA for retaliation by the College ; (5) violations of the Plaintiff's First Amendment free speech rights brought under 42 U.S.C. § 1983 against Womack; (6) violations of the Plaintiff's First Amendment free speech rights brought under 42 U.S.C. § 1983 against Viscusi; (7) violations of the Plaintiff's Fourteenth Amendment right to equal protection brought under 42 U.S.C. § 1983 against Welch.  Defendants filed a Motion to Dismiss seeking to dismiss Counts V (in part), VI, and VII, as well as Plaintiff's request for costs associated with [Plaintiff's] defense of criminal charges brought against him.

        Plaintiff has alleged the following relevant facts. Plaintiff was an employee of Defendant, Delaware County Community College, a governmental entity, from April 1999 until June 2008. Plaintiff alleges that during this time, he developed a disability and requested a reasonable accommodation from his supervisor, defendant Womack.  Plaintiff alleges that when he was refused accommodation and advised defendant Womack that he intended to file a complaint for disability discrimination, Womack ridiculed him and gave him an impossible task.  Plaintiff

2

further alleges that defendants Womack and Viscusi retaliated against him by terminating his employment due to his complaints. Plaintiff then filed a complaint of discrimination and retaliation with the Pennsylvania Human Relations Commission (PHRC) and the EEOC.  Because of this filing, Plaintiff alleges that he was banned from the premises of the College by defendant Viscusi and falsely accused of a burglary by defendant Welch. Plaintiff also alleges that the false accusation of burglary was based on his race.  Plaintiff brought the immediate action in this court after exhausting his administrative remedies by filing with the EEOC and being issued a Notice of Right to Sue on June 23, 2008. For the reasons sets forth below, the Court GRANTS Defendant's motion in part and DENIES it in part.

## II. STANDARD OF REVIEW

In response to a pleading, under Federal Rule of Civil Procedure 12(b)(6), a Defendant may assert by motion that the Plaintiff's complaint "[fails] to state a claim upon which relief can be granted."  In analyzing a Rule 12(b)(6) motion to dismiss, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'"  Id. at 232 (quoting Bell Atl. Corp. v. Twombley, 127 S. Ct. 1955, 1965, 167 L. Ed. 929, 940 (2007)).  In other words, the plaintiff must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action.  Id. at 234.  In ruling on a Rule 12(b)(6) motion to dismiss, the court may consider documents "integral to or explicitly relied upon in the complaint."  In re Rockefeller Sec. Lit., 184 F.3d 280, 287 (3d Cir. 1999).

### III. Discussion

A. Counts V (in part) and VI: First Amendment Free Speech

As to Counts V, in part, and VI of the complaint, Young argues that his rights to free speech, as guaranteed by the First Amendment of the U.S. Constitution, were violated by defendants Womack and Viscusi in their individual capacities.[1]

---

[1] Specifically, plaintiff alleges in Count V, as to defendant Womack, that his requests for reasonable accommodation, his complaints about Womacks's refusal to accommodate and his assertion that he planned to file a disability discrimination claim resulted in harassment by Womack, in the form of an unreasonable request, and ultimately in termination.  In Count VI, as to defendant Viscusi, plaintiff further alleges that his assertions of intent to file a complaint of discrimination and his filing of this complaint with the PHRA and the EEOC caused Viscusi to ban him from College grounds and falsely accuse him of burglary.  Plaintiff argues that his complaints concerning the lack of reasonable accommodation, his allegations of discrimination, his notification of intent to file a complaint, and the filing of his complaint were all elements of protected speech that were violated by defendants' retaliation and termination.

This court recognizes that the First Amendment only protects public-employee speech when it is "core" speech.  Specifically, "the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." Reilly v. City of Atlantic City, 532 F.3d 216, 226 (3d Cir. 2008) (quoting Garcetti v. Ceballos, 547 U.S. 410, 417, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006)).  Speech is considered to be of public concern only if it relates to "any other matter of political, social, or other concern to the community." Connick v. Myers, 461 U.S. 138, 146, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983); Latessa v. N.J. Racing Comm'n, 113 F.3d 1313, 1319 (3d Cir. 1997) (quoting Watters v. City of Philadelphia, 55 F.3d 886, 892 (3d Cir. 1995)).  Accepting as true all facts alleged in the Complaint in the light most favorable to the plaintiff, plaintiff requested reasonable accommodation and, when refused, complained specifically that his rights were being violated.  Plaintiff later told defendant Womack of his intent to file a discrimination claim and, in fact, filed this complaint.  The Supreme Court has found that complaints about racial discrimination of a public employer qualify as a matter of public concern.  Connick, 461 U.S. at 148 n.8  Similarly, Third Circuit courts have held that complaints of harassment would be given protection even though they were made privately to a supervisor.  See Azzaro v. County of Allegheny,

110 F.3d 968, 978-79 (3d Cir. 1997) (en banc) (finding that one private complaint of sexual harassment to a supervisor was protected speech); Pollock v. City of Philadelphia, 2008 U.S. Dist. LEXIS 60764, *38-40, 2008 WL 576264, *5 (finding that complaints of racial discrimination made to a supervisor could be considered matters of public concern).  Hence, this Court finds that complaints concerning discrimination on the basis of disability made to a public-employer supervisor may qualify as matters of public concern.  Further, as plaintiff has alleged that he was retaliated against for this activity and that the retaliation was motivated by the speech, he has adequately pled a claim for First Amendment violations.  See Anderson v. Davila, 37 V.I. 496, 125 F.3d 148, 161 (3d Cir. 1997). The Motion to Dismiss as to Counts V, in part, and VI is DENIED.

B. Count VII: Equal Protection

Count VII alleges a violation of the Equal Protection Clause with respect to defendant Welch pursuant to 42 U.S.C. § 1983. "To state a § 1983 claim for denial of equal protection under the Fourteenth Amendment, plaintiff must allege that he is a member of a protected class, similarly situated to members of an unprotected class, and treated differently from the unprotected class."  Pollock v. City of Philadelphia, No. 06-4089, 2007 U.S. Dist. LEXIS 11624, at *11, 2007 WL 576246, at *4 (E.D. Pa. Feb.

16, 2007) (citing Young v. New Sewickley Twp., 160 Fed. Appx. 263, 266 (3d Cir. 2005); Cleburne v. Cleburne Living Center, 473 U.S. 432, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985)).  Plaintiff alleges that defendant Welch falsely identified him to the police on the basis of his race.  Defendants argue that plaintiff has not identified a similarly situated class and has not made a specific claim that he was treated differently.

     This Court concludes that plaintiff has not adequately alleged facts as to sufficiently plead an equal protection claim.  Plaintiff argued in his Amended Complaint that defendant Welch "presumably" saw many Caucasian persons during the same day as the crime, but did not identify them as the perpetrator to the police.  Seemingly, then, the plaintiff is arguing that the Caucasian persons Welch presumably saw during the day were similarly situated members of an unprotected class treated differently than the plaintiff, in that they were not identified as the perpetrator of the crime.  However, when a plaintiff is alleging that he was treated differently than others outside his class, he cannot use "conclusory, boilerplate language" or "bald assertion[s] that other[s] . . . were treated in a dissimilar manner" to survive dismissal.  Young, 160 Fed. Appx. at 266 (citing Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.2005)).  Additionally, even harassment based on race is not sufficient to

plead an equal protection claim.  See Hudson v. Coxon, 149 Fed. Appx. 118, 121 (3d Cir. 2005) (upholding dismissal of equal protection claims for  failure to allege differential treatment of others similarly situated); Keefer v. Durkos, 371 F. Supp. 2d 686, 696-67 (W.D. Pa. 2005) (finding that possible discriminatory motives or purposes do not establish discriminatory treatment sufficient for a violation of equal protection);  Pollack, No. 06-4089, 2007 U.S. Dist. LEXIS at *4 (dismissing plaintiff's equal protection claim despite his allegations of racial harassment because he failed to allege that he received treatment different from that given to other individuals).  Finally, it appears from the pleadings that plaintiff is arguing both that he was falsely identified as the perpetrator because Welch specifically wanted to retaliate against him personally and because he is African-American.  By conflating two possible motives in his Complaint, plaintiff has not specifically alleged that he was treated differently than those members of a similarly situated, unprotected class based on his membership in a protected class. Hence, plaintiff's Amended Complaint has not cured the deficiencies of the original and has not specifically alleged that he was treated differently than any similarly situated member of an unprotected class.

The Court grants defendant's motion as to this count and

dismisses Count VII without prejudice to the plaintiff's right to file an amended complaint if warranted by the facts.

C. Costs of plaintiff's criminal defense

Plaintiff seeks compensatory damages against Defendants for the costs associated with the defense of the criminal charges brought against him.  Defendants argue that the violations alleged do not support this type of damages.  Plaintiff has not alleged any claims that would warrant the Court to grant the remedy pursued.  The Court grants defendant's motion to dismiss as to the costs associated with the defense of criminal charges against him.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MAURICE YOUNG,                        :
                                      :
              Plaintiff,              :    CIVIL ACTION
                                      :
    v.                                :    No. 08-cv-2023
                                      :
DELAWARE COUNTY COMMUNITY             :
COLLEGE, RAY VISCUSI, GREG WELCH,     :
and TOM WOMACK                        :
in their individual capacities,       :
                                      :
              Defendant.              :
```

ORDER

AND NOW, this   22nd   day of September, 2008, upon consideration of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 9), and responses thereto, for reasons set forth in the attached Memorandum, it is hereby ORDERED that the Motion is GRANTED IN PART and DENIED IN PART, as follows:

(1) Defendant's Motion to Dismiss is GRANTED as to plaintiff's equal protection claim against defendant Greg Welch under 42 U.S.C. § 1983 (Count VII) and as to plaintiff's request for damages associated with his criminal defense. The Complaint is hereby DISMISSED as to defendant Greg Welch and as to plaintiff's request for damages associated with his criminal defense without prejudice to plaintiff's right to file an amended complaint with respect to this claim within twenty (20) days if warranted by the facts.

(2) Defendant's Motion to Dismiss is DENIED in all other respects.

                                                BY THE COURT:


                                                <u>s/J. Curtis Joyner</u>
                                                J. CURTIS JOYNER, J.